**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

KAI HE,

              Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

              Respondent.

</td><td>

No.   12-72344

Agency No.  A094-793-492

MEMORANDUM*

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 11, 2017
Honolulu, Hawaii

Before: SCHROEDER, D.W. NELSON, and McKEOWN, Circuit Judges.

Kai He, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from the immigration

judge's ("IJ") decision denying his applications for asylum, withholding of

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

removal, and protection under the Convention Against Torture ("CAT"). Our appellate jurisdiction rests on 8 U.S.C. § 1252, and we **DENY** the petition.

The death of Appellant's mother, although tragic, cannot be imputed to Appellant, because he has failed to show "a pattern of persecution closely tied to" him. *Mgoian v. I.N.S.*, 184 F.3d 1029, 1036 (9th Cir. 1999) (quoting *Arriaga-Barrientos v. U.S.I.N.S.*, 937 F.2d 411, 414 (9th Cir. 1991)). As a result, Appellant's claim of past persecution is premised on a single incident of beating and detention, which is not sufficient. *See Gu v. Gonzales*, 454 F.3d 1014, 1020-21 (9th Cir. 2006); *Prasad v. I.N.S.*, 47 F.3d 336, 339-40 (9th Cir. 1995).

Appellant has also failed to show a well-founded fear of future persecution. Appellant has not reported subsequent acts of violence against his father and sister, who both remain in China and continue to attend an underground house church. *See Hakeem v. I.N.S.*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident.").

Because Appellant failed to establish eligibility for asylum, he has not met "the higher burden of proving" he is entitled to withholding of removal. *Kumar v. Gonzales*, 439 F.3d 520, 525 (9th Cir. 2006). Appellant has also failed to show that the record compels a finding that he would be subject to torture upon return to

China.  We do not address the IJ's adverse credibility finding, because the BIA correctly concluded Appellant was not entitled to relief even assuming he was credible.

     **PETITION DENIED.**